```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

UNITED STATES OF AMERICA,     §
                              §
              Plaintiff,      §
                              § Criminal No. 3:10-CR-333-D(03)
VS.                           §
                              §
                              §
CLAY ALLEN,                   §
                              §
              Defendant.      §
```

MEMORANDUM OPINION
AND ORDER

Defendant Clay Allen ("Clay") moves the court under Fed. R. Crim. P. 14 to sever his trial from the trial of his codefendants. For the reasons that follow, the court denies the motion.

I

Clay, Clint Allen ("Clint") (Clay's twin brother),[*] and Clint's intimate friend, Blaise Hancock ("Hancock"), were indicted for the offenses of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; mail fraud, in violation of 18 U.S.C. § 1341 (and aiding and abetting, under 18 U.S.C. § 2); wire fraud, in violation of 18 U.S.C. § 1343 (and aiding and abetting, under 18 U.S.C. § 2); and conspiracy to use fire to commit a felony, in violation of 18 U.S.C. § 844(m). The indictment alleges that Hancock purchased a house, insured it, caused a fire to destroy the house, and submitted fraudulent claims to the insurance company

---

[*]Clay's motion sometimes inadvertently refers to *Clint* when it appears to mean *Clay*. *See* Mot. 3 at § V. The court has construed the motion accordingly.

using the mails and wire, as a part of a conspiracy with Clint and Clay to collect insurance proceeds. The indictment specifically charges that Clay, along with Clint, damaged and destroyed the house by fire. Clay moves for a severance, and the government opposes the motion.

II

The oft-cited general rule in this circuit is that codefendants who are indicted together should be tried together. *See, e.g., United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992) (citing *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989)). "Joinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, codefendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *see also United States v. Featherson*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy.").

A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reasonable judgment about guilt. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). A defendant must demonstrate that he will receive an unfair trial and suffer compelling prejudice against

which the court will be unable to afford protection. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990) (citations omitted).

> In order to obtain severance under Rule 14, the defendants have the difficult burden of proving that they will suffer the most compelling prejudice from continued joinder . . . . The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree,* 605 F.2d 1381, 1388-89 (5th Cir. 1979) (citing *United States v. Wasson,* 568 F.2d 1214, 1222 (5th Cir. 1978)).

The court must balance the potential prejudice to Clay against the public interest in joint trials. *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. Jun. 23, 2008) (Fitzwater, C.J.) (citing *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield,* 590 F.3d 325, 356 (5th Cir. 2009). "Limiting instructions such as these are generally sufficient to prevent the threat of prejudice resulting from unsevered trials." *Id.* (internal quotation marks and citations

omitted).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance[.]" *United States v. Potashnik,* 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)). "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]" *Id.* (citing *Pofahl,* 990 F.2d at 1482). Even if more damaging evidence is presented against one defendant than another, severance is not the proper means of confining "spillover" evidence. The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government. *See Piaget,* 915 F.2d at 142; *United States v. Harrelson,* 754 F.2d 1153, 1175 (5th Cir. 1985). The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the trial court's discretion. *Neal*, 27 F.3d at 1045.

### III

Clay maintains that the court should sever his trial because he is alleged to have been involved in only a single overt act in the conspiracy. He contends that the indictment details a complex

scheme of property and insurance transactions involving only Clint and Hancock, and that he is accused of damaging and destroying the house by fire, but that no other overt acts are attributed to him. Clay argues that, given the complexity of the government's case and the joinder of codefendants who are engaged in both business and personal relationships wholly apart from him, there is a strong likelihood of jury prejudice against him due to evidence against his codefendants. Clay posits that because the indictment alleges that he was only involved in a single overt act constituting the conspiracy, the vast majority of the trial will involve evidence related to his codefendants, and this evidence has a strong chance of affecting the jury due to the scope and complexity of the allegations.

Clay has not demonstrated that the court should vary from the normal rule that defendants charged with the same conspiracy should be tried together. He has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder." *Zicree*, 605 F.2d at 1388-89. Essentially, Clay is relying on the mere assertion that Clint and Hancock are alleged to be the main actors in the conspiracy, that they were allegedly involved in a complex scheme, complex transactions, and an intimate relationship, and that as a result, and despite his limited alleged role, he is likely to be found guilty simply by being jointly tried. But his reasoning does not adequately address

the fact that the court can instruct the jury that it is to consider separately the evidence offered against each defendant. *See Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted. See *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990). Clay has not demonstrated that, under all the circumstances of this particular case, the jury cannot, as a practical matter, follow the court's admonitory instructions and collate and appraise the independent evidence against Clay solely upon his own acts, statements, and conduct. Because Clay has failed to prove that the jury will not be able to compartmentalize the evidence against the various defendants or to apply that evidence in accordance with the jury charge—in which the court anticipates that the jury will be instructed to consider only the evidence offered against the defendant in question—he has failed to demonstrate that the court should grant a severance.

Accordingly, balancing the potential prejudice to Clay against the public interest in a joint trial, the court denies his motion for severance. *See United States v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986) (affirming refusal to sever arson and mail fraud conspiracy case described as "massive and complex," involving more defendants and a more complicated conspiracy than what is alleged

in instant case, and concluding that the conspiracy was not "so complicated, however, as to prevent the jury from separating the evidence and properly applying it only to those against whom it was offered").

\* \* \*

Accordingly, Clay's May 2, 2011 motion for severance for relief from prejudicial joinder under Rule 14 is denied.

**SO ORDERED.**

June 14, 2011.

                        _____
                        SIDNEY A. FITZWATER
                        CHIEF JUDGE